# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

    **vs.**                                          **09-20119-08 JWL**

**JAMES ANTHONY CLARK,**

    **Defendant/Petitioner,**

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUSPEND BRIEFING TO AMEND THE ORIGINAL § 2255 MOTION AND REQUEST FOR ORDER GRANTING DOC. 1109

Comes now the United States of America, by and through Barry R. Grissom, United States Attorney for the District of Kansas, and Sheri McCracken, Assistant United States Attorney, and responds to the defendant's *Motion to Suspend Briefing Motion to Amend § 2255 Pursuant to Federal Rules of Civil Procedure Rule 15*. (Doc. 1127.) For the reasons stated herein and those included in the government's prior *Response* (doc. 1108), the United States respectfully requests that the defendant's motion be denied and the Court issue an order granting the *Motion for Permission to Respond to Defendant's Various Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255* (doc. 1109).

### APPEAL TIMELINE AND *ALLEYNE*

1

On November 6, 2012, *Appellant's Opening Brief* was filed. The defendant argued: 1) a variance occurred that substantially affected his rights, 2) there was insufficient evidence to support the drug quantities attributed to him at sentencing, and 3) the district court erred in failing to apply a minor role reduction.

On November 14, 2012, the defendant submitted *Appellant's Supplemental Pro Se Brief* arguing that the district court erred by denying his request to substitute counsel before trial.

On January 9, 2013, the *Brief of Ap*pellee was filed addressing the three arguments asserted in *Appellant's Opening Brief*.

On February 18, 2013, the *Appellant's Reply Brief* was filed addressing the three issues previously included their opening brief.

On May 7, 2013, the parties presented Oral Argument in the present case at the Tenth Circuit Court of Appeals.

On June 17, 2013, *Alleyne v. United States*, was decided. 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that the constitutional rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), applies to facts that increase the mandatory minimum punishment for a crime, and such facts must be submitted to the jury and found beyond a reasonable doubt. 133 S. Ct. at 2155. *Alleyne* did not, however, affect the holding of *United States v. Booker*, 543 U.S. 220 (2005) that

sentencing courts may make factual findings that increase a defendant's Sentencing Guidelines range, so long as the Guidelines are treated as advisory.

On July 18, 2013, the *Order and Judgment* affirming this Court's sentence was entered. (Appl. No. 12-3008.)

## ARGUMENT

The defendant requests that briefing be suspended to allow an amendment to his previously filed § 2255 Motion. The defendant now seeks to add a claim of ineffective assistance of appellate counsel for failure to assert an *Alleyne* claim on direct appeal. The defendant's request should be denied. First, the defendant's claim does not relate back as required under Fed. R. Civ. P. 15(c)(2) and thus no amendment should be allowed. Second, even if the defendant's claim had been timely filed, it would fail on the merits.

### 1. Relation Back

A trial court's decision on whether to allow amendment of pleadings is reviewed under an abuse of discretion standard. *Gillette v. Tansy*, 17 F.3d 308, 312 (10th Cir. 1994). Habeas petitioners frequently attempt to amend timely petitions to add new, untimely claims. New claims that are filed after the expiration of the statute of limitations, must "relate back" to the date of the original pleading to avoid being time-barred. Claims "relate back" only if the original and

amended pleadings arise out of the same conduct, transaction, or occurrence. Fed. R. Civ. P. 15(c)(2). In *Mayle v. Felix*, the Supreme Court held that a later-filed claim does not relate back to a timely-filed one simply because they challenge the same criminal conviction. 545 U.S. 644 (2005). Rather, if the later claim "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth," it does not satisfy Rule 15(c). *Id*. at 650.

In *United States v. Espinoza*, the defendant, much like the present case, asserted a claim that the sentencing court erred in sentencing him on a count on which he had been found not guilty. 235 F.3d 501, 502-03 (10th Cir. 2000). While Espinoza's first motion was still pending and after the expiration of the one-year limitations period, the defendant filed a supplemental motion asserting ineffective assistance of counsel claims. *Id.* The court found the initial claims to be without merit and barred the supplemental motion as untimely. *Id*. The Tenth Circuit engaged in an in-depth analysis of relevant cases from other circuits before concluding the defendant's supplemental motion, filed almost two months after the AEDPA deadline, raised new claims of ineffective assistance of counsel and thus did not relate back to the original § 2255 motion. *Id*. at 503-05.

In the present case, the defendant filed a *Motion to Show "Cause" of Procedural Default Pursuant to Petitioners Claim Under Alleyne v. United States,*

*133 S. Ct. 2151, 2162 (2013)* (doc. 1098)(hereinafter *Motion to Show Cause*) on the same date as his original § 2255 Motion (doc. 1095).  In his *Motion to Show Cause* the defendant argued that his sentence was substantively unreasonable because relevant conduct was used to determine his sentence in violation of *Alleyne*.  Nowhere in the *Motion to Show Cause* did defendant argue his appellate counsel had failed to assert an *Alleyne* argument. Nor did defendant claim to be seeking supporting information from appellate attorney, Elizabeth Harris, in his original § 2255 motion or in his *Motion to Show Cause*.  Curiously, the defendant did not assert the new claim until after the government's response was filed which outlined the fact that *Alleyne* claims would not succeed if raised for the first time on collateral review.

This new and untimely claim related to appellate counsel, asserted over three months after the original § 2255 motion, was known to the defendant as early as July 2013, per his own attachments to the *Motion to Suspend Briefing*.  (Doc.1127, at 9.)  The defendant did not include any reference to appellate counsel failing to assert *Alleyne* challenges on direct appeal in his *Motion to Show Cause*.  (Doc. 1098.)  The defendant's *Motion to Show Cau*se requested the sentencing court hold an evidentiary hearing to correct his sentence while reasserting previously rejected arguments related to relevant conduct.  In *Mayle*, the Court held that a

Fifth Amendment claim alleging that the petitioner's statements to police were coerced did not relate back to a Sixth Amendment challenge to the admission at trial of a prosecution witness's interview because the claims did not arise out of "a common core of operative facts." *Id*. at 664.  The defendant's claim simply does not relate back and thus no amendment should be permitted.

### *Alleyne* Argument

Defendant attempts to advance an *Alleyne v. United States*, 133 S.Ct. 2151 (2013) argument, however, relief is not available to defendant under *Alleyne*.  The Tenth Circuit addressed the issue of retroactive application of *Alleyne* in denying a successive § 2255 motion, in *In re Payne,* 2013 WL 5200425, at *1-2 (10th Cir. September 17, 2013).   While the Tenth Circuit agreed with the Seventh Circuit's finding that *Alleyne* set forth "a new rule of constitutional law,"  *Id*. at *1; *quoting Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); it also concurred with the Seventh Circuit's determination that *Alleyne* does not apply retroactively on collateral review.  *Id.* at *2*;* citing *Schriro v. Summerlin*, 542 U.S. 348 (2004).  In making this determination, the Tenth Circuit reasoned that *Alleyne's* new rule of constitutional law has not been "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2). The Tenth Circuit pointed to the Supreme Court's conclusion that, " 'made' means 'held' and thus, the requirement

6

is satisfied only if th[e] Court has held that the new rule is retroactively applicable to cases on collateral review." *Id., citing Tyler v. Cain*, 533 U.S. 656, 662 (2001).

In declining to authorize the successive § 2255 the Tenth Circuit recognized that such a holding has not been made by the Supreme Court stating, "The Court has not held that *Alleyne* applies retroactively to cases on collateral review." *Payne*, 2013 WL 5200425 at *1. While the present case is not a successive § 2255, the Tenth Circuit's position is clear as to the applicability of *Alleyne* on collateral review.

In *United States v. Hoon*, the defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. 162 F.3d 1172 (10th Cir. 2014). The defendant's motion was denied as untimely. *Id*. The defendant sought a certificate of appealability arguing that *Alleyne* involved a new rule of constitutional law. *Id*. In declining to issue the certificate, the Tenth Circuit held, "section 2255(f)(3) applies only if a new constitutional rule has been held applicable to cases on collateral review, and no court has treated *Alleyne* as retroactively applicable on collateral review." *Id*. at 1173-74; *see United States v. Reyes*, 755 F.3d 210 (3d Cir. 2014)(holding that *Alleyne* does not apply to cases on collateral review); *In re Mazzio*, 756 F.3d 487, 489–92 (6th Cir. 2014)(same holding); *Susinka v. United States*, 19 F. Supp. 3d 829, 836-37 (N.D.Ill. May 14, 2014)(same holding); *Barrow v. United States*, 990

7

F.Supp.2d 76, 77, 81–82 (D.P.R. 2013)(same holding).  The relief Defendant now seeks under *Alleyne* is simply not available to him.

Finally, even if counsel for the defendant had asserted an *Alleyne* claim on direct appeal it would have failed.  *Alleyne* did not affect the holding of *United States v. Booker*, 543 U.S. 220 (2005), that sentencing courts may make factual findings that increase a defendant's Sentencing Guidelines range, so long as the Guidelines are treated as advisory.  This Court sentenced the defendant based in part on findings of relevant conduct established at trial and sentencing.  Further, this Court treated the Sentencing Guidelines as advisory and ultimately chose to sentence the defendant to 292 months[1] imprisonment in this matter.

## REQUEST FOR ORDER

On February 10, 2015, attorney John W. Kerns filed a *Motion for Permission to Respond to Defendant's Various Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255*.  (Doc. 1109.)  The motion was filed upon government counsel's request in order to collect necessary information to respond to the defendant's claims of ineffective assistance of counsel.

On February 11, 2015, the defendant was ordered to respond to Mr. Kerns' motion on or before March 9, 2015.   (Doc. 1110.)  To the government's

---

[1] On February 6, 2015, the defendant's sentence was reduced by agreement of the parties to 235 months imprisonment, pursuant to 18 U.S.C. § 3582(c)(2) based on the passage of Amendment 782. (Doc. 1105.)

knowledge, the defendant has not responded as ordered.

The government respectfully requests that the *Motion for Permission to Respond to Defendant's Various Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255* (doc. 1109), be granted.

## CONCLUSION

Therefore, for the reasons stated herein and those included in the government's prior *Response* (doc. 1108), the United States respectfully requests that the defendant's *Motion to Suspend Briefing Motion to Amend § 2255 Pursuant to Federal Rules of Civil Procedure Rule 15* (doc. 1127), be denied; and the *Motion for Permission to Respond to Defendant's Various Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255* (doc. 1109), be granted.

Respectfully submitted,

BARRY R. GRISSOM
United States Attorney

_____s/Sheri Catania_____
SHERI CATANIA, Ks.S.Ct. # 17097
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail: sheri.mccracken@usdoj.gov
ELECTRONICALLY FILED

<u>Attorney for Plaintiff</u>

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of April, 2015, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

    None

I further certify that on this date the foregoing document and the notice of electronic filing were mailed by first-class mail to the following non-CM/ECF participants:

    James Anthony Clark
    27732-018
    COLEMAN - FCI - MEDIUM
    Federal Correctional Institution
    Inmate Mail/Parcels
    PO Box 1032
    Coleman, FL 33521
        PRO SE

        <u>s/Sheri Catania</u>
        Sheri Catania
        Assistant United States Attorney