UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
CASE NO.: 09-20119-08-JWL

JAMES ANTHONY CLARK,
    Defenant/Movant,

v.

UNITED STATES OF AMERICA,
    Plaintiff/Respondent,
_____/

PETITIONER'S REPLY
TO GOVERNMENT'S 04/13/15 RESPONSE
RESPONSE #2
AND
DEFENDANT'S RESPONSE TO GOVERNMENT'S REPLY
FOR FINAL DISPOSITIION

    COMES NOW, Defendant pro-se and moves this Honorable Court to issue an order granting his § 2255 Motions....respectfully, and denying the Government's relief sought states as follows:

I. RESPONSE TO <u>ALLEYNE</u> ISSUE / THE GOVERNMENT FAILED TO....ADDRESS THAT DEFENDANT DOES NOT NEED RETROACTIVITY OF <u>ALLEYNE</u> ON COLLATERAL REVIEW IN ORDER TO PREVAIL ON HIS CLAIM.

    In the Government's Response #2 (RES#2) they argue that the Rule 15(c)(2) does not "relate back" reasoning Petitioner - failed to argue initially that "Appellate Counsel failed to assert an <u>Alleyne</u> argument". RES#2 p5¶1. And that....Petitioner did not "claim to be seeking supporting....information from Appellate counsel, Elizabeth Harris".[1] The Government failed to recognize Petitioner, on record, submitted an Affidavit stating "the papers were

1.

unavailable at the time of the initial submission". See (MOTION TO SUSPEND BRIEFING); due to lack of documentation. The Government ....concludes in their RES#2 "Curiously, the defendant did not assert the new claim until after the government's response was filed which outlined the fact that Alleyne claims would not succeed if raised for the first time on collateral review". RES#2 p5¶1. The Government's conclusion is contrary to the record in this case; Petitioner raised the Alleyne claim for the first time in a Petition for Writ of Certiorari to the Supreme Court, therefore, preserving the claim rather than....procedurally defaulting the issue. Petitioner subsequently, and out of an abundance of caution filed his Rule 15(c)(2) Motion after procuring the necessary documentation. Petitioner, by all accounts reasserted his Alleyne claim on collateral review in order to be heard on Alleyne. The Government argument "Defendant attempts to advance an Alleyne claim for the first time on - collateral review", must fail as a matter or record. See RENEWED (SEPARATE RESPONSE TO GOVERNMENT'S REPLY TO PETITIONER'S PRESERVED ALLEYNE ERROR CLAIM). Att B.

II. THE GOVERNMENT'S CONCLUSION "SENTENCING COURTS MAY MAKE FACTUAL FINDINGS THAT INCREASE A DEFENDANT'S....SENTENCING GUIDELINE RANGE, SO LONG AS THE GUIDELINES ARE TREATED AS ADVISORY" MUST FAIL AS A MATTER OF LAW.

    1. Petitioner submits Appellate Counsel's April 05, 2015,....correspondence stipulating her reasons she did not raise the Alleyne issue while the case was still pending on direct review. See Att. "A". See Engelhardt v. Heimgartner, Dist. Kansas (2014 LEXIS 11954). *Finality:
    *Finality occurs when direct state appeals have been exhausted and a petition for Writ of Certiorari from the United States Supreme Court has become time barred or has been disposed of. Griffith v. Kentucky, 479 U.S. 314, 321,n.6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).

The Government argues in RES#1 & 2 that Petitioner's <u>Alleyne</u> claim must fail because he is attempting to advance that claim for the first time on collateral review. For the reasons stated above, the Government's argument must fail as a matter of record. In the RES#2 - however, the Government argues that "Even if Counsel for the defendant had asserted an <u>Alleyne</u> claim on direct appeal it would have failed".; reasoning - "<u>Alleyne</u> did not affect the holding of <u>United States v. Booker</u>, 543 U.S. 220 (2005), that sentencing courts may make factual findings that increase a defendant's....Sentencing Guidelines range, so long as the Guidelines are treated as advisory". RES#2 p8¶2. The Government does not cite to any case law that may aid this Court in its final....disposition of the <u>Alleyne</u> claim, and "Curiously" for good reason.

Recently, the Tenth Circuit ruled that "<u>Alleyne</u> does not allow a district court to calculate the Guidelines range....using judge found facts". See <u>United States v. Lake</u>, 530 F. App'x 831 (10th Cir. 2013)(unpublished)(LakeI); <u>United States v. Lake</u>, 556 F.App'x 706 (10th Cir. 2014)(LakeII). In (<u>lakeI</u>), the United States Government conceded that <u>Alleyne</u> applied not just to findings which increased the statutory minimum sentence, but also to findings that increase a defendant's advisory Guideline sentencing range.[2] In (<u>LakeII</u>), the U.S. Government reversed its position, however, the (unpublished) opinion remains of pursuasive value in this case. The Tenth Circuit failed to reach the merits of the <u>Booker</u> claim, yet reversed <u>Lake</u>

---

2. Under that interpretation of <u>Alleyne</u>, Ramon Lake's sentence was viewed as invalid because, as described in the text supra, the offense level had been based on a finding that the crime involved the death of another person. But the death of another person was not subject to a jury finding under the beyond a reasonable doubt standard.

3.

reasoning the District Court was procedurally - unreasonable. The Government in Petitioner Clark's case....correctly pointed out that "defendant argued that his sentence was substantively unreasonable because of relevant conduct was used to determine his sentence in violation of <u>Alleyne</u>". RES#2 p5¶1. On January 27, 2015, the Tenth Circuit AFFIRMED the conviction in <u>United States v. Cassius,</u> (2015 U.S. App. LEXIS 1200) after the defendant argued that sentencing factors solely used to calculate a Guideline range must be found by a jury not a judge. However, Petitioner Cassius conceded that <u>Apprendi</u> does not apply to the present advisory-guidelines regime citing <u>Booker,</u> 543 U.S. at 233. The Tenth Circuit concluded (without deciding) that 'drug quantity was an element of all 21 U.S.C. § 841 violations" the district court properly treated it as such when it calculated defendant's statutory range....<u>based on the jury's drug quantity findings</u>.

The Panel in <u>Cassius</u> stated "Thus, we will not address it further".; reasoning: of <u>Jones v. United States,</u> 135 S.Ct. 8, 8-9, 190 L.Ed.2d 279 (2014)(Scalia, J., dissenting from denial of Certiorari) (arguing that even if a judge's factual finding does not alter the proper statutory range, the finding is impermissible if the final sentence would be substantively unreasonable in absence of the finding).

a. <u>the law is unsettled</u>

On October 14, 2014, three U.S. Supreme Court Justices argued in an opinion dissenting from the denial of the Writ of Certiorari that "A jury, not a judge, must be the one to determine the existence of any fact that is necessary to keep a federal sentence from being

4.

struck down as substantively - unreasonable". See <u>Jones v. United States</u>, U.S. No. 13-10026, cert. denied, 10/14/14. The Court expressly declined to answer this question in a 2007 case in which the Court addressed other issues.[3] Since then, the lower federal courts have interpreted the Court's decisions not to address the issue and to refuse to return to it as indications that the Court doesn't see a constitutional problem. "This has gone on long enough,"....Justice Antonin Scalia said. Justices Clarence Thomas and ruth Bader Ginsburg joined Scalia's opinion dissenting from the Court's decision not to take the case.

> "We should grant certiorari to put an end to this unbroken string of cases disregarding the Sixth Amendment -- or -- else to eliminate the Sixth Amendment difficulty by acknowledging that <u>all sentences below the statutory maximum are substantively reasonable</u>". Scalia said. (emphasis added by underline).

b. <u>substantive reasonableness in "maximum sentence"</u>

The Sixth Amendment claim is based on the rule from....<u>Apprendi v. New Jersey</u>, 530 U.S. 466, (2000), and its progeny <u>Alleyne v. United States</u>, 131 S.ct. 2151 (2013), that any fact that increases the statutory maximum or triggers the mandatory minimum must be found by a jury beyond a reasonable doubt, not by a sentencing judge using a preponderance-of-the-evidence standard. Only <u>Alleyne</u> went

---

3. Justice Scalia, concurring.

I join the opinion of the Court.

In <u>Rita v. United States</u>, 551 U.S. 338,__, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), I wrote separately to state my view that any appellate review of sentences for <u>substantive reasonableness</u> will necessarily result in a sentencing scheme constitutionally indistinguishable from the mandatory Guidelines struck down in <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Whether a sentencing scheme uses mandatory Guidelines, a "proportionality test" for Guidelines variances, or a deferential abuse-of-discretion standard, there will be some sentences upheld only on the basis of additional judge-found facts.

further holding:

> "Any fact that, by law, increases the penalty for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt." Alleyne 2151.

Petitioner Clark's argument in a nutshell is that Federal Appellate Courts' authority to overturn a sentence that is not "substantively reasonable" means that a fact that keeps a....sentence from being substantively unreasonable is a fact that increases the statutory sentencing range. See Alleyne. Appellate Courts' authority to strike down a sentence that is not....substantively reasonable critical feature of the Supreme Court's decision to remedy an Apprendi problem in the U.S. Sentencing Guidelines by converting it from mandatory to now advisory scheme. In Booker v. United States, 542 U.S. 220 (2005), a deeply devided Court gave the Appellante Courts this authority to keep the new advisory scheme from resulting in widely....different sentences for comparable offenses depending on who the District Court Judge was. The Government here advances the argument that "Alleyne did not affect the holding of United States v. Booker, 543 U.S. 220 (2005)", though they failed to provide this Court with any argument or cite to relevant authority in support of their claim (other than the applicability of Alleyne on collateral review) argument, thus they waived any challenge to this claim.

c. finding of conspiracy boosted sentence

In his opinion from the denial of Certiorari in Jones, Scalia said the Petition before the Court was "particularly appealing" because the case involves Defendants who were....acquitted by a jury of a fact that the sentencing judge later found to warrant steep in-

creases in prison time that otherwise would have been substantively
unreasonable. The same scenario occurred in this case, the jury
acquitted Clark of the cocaine though convicted his Co-defendants.
In Jones a jury found the three Defendants guilty of cocaine, but
acquitted then of...dealing together as part of a cocaine conspiracy.
The sentencing judge found the Government's evidence proved by a pre-
ponderance that the Defendants were in fact, engaged in a conspiracy,
which resulted in a much higher guideline range. See Jones. Here,
in Clark's case, the U.S. Probation Department did not attribute any
cocaine / or methamphatemine in the PSR other than 8 ounces of meth-
amphetamine that was delivered to Selby, an implicit finding that the
methamphetamine and cocaine were not within the scope of Clark's
agreement.

A pursausive aspect of the dissent from the denial of Certiorari
in Jones is that it was joined by Ginsburg, who was an important
swing vote in Booker. The Booker Court split 5-4 on both the sub-
stantive issue as to whether the....mandatory guidelines were uncon-
stitutional and the remedial issue as to whether the Court should
require sentencing juries or go forward with an advisory scheme.
Ginsburg joined Scalia and Thomas in the majority on the substantive
issue, but she joined Justice Stephen G. Breyer's majority on the
decision to salvage the U.S. Sentencing Guidelines.

In conclusion, notwithstanding the "ineffective-assistance-of-
counsel-claim", this Honorable Court can conclude that....Petitioner
preserved his Alleyne v. United States, claim under the Writ fo Cer-
tiorari to the United States Supreme Court, thus "Cause" of Proced-
ural Default on the issue. In any event, the Rule 15(c)(2) Motion,

as a matter of record clearly "relates-back" to the original pleading based on the Affidavit in....conjunction with the fact that Petitioner does not need to - rely on "Alleyne being made retroactive to cases on collateral review", as pleaded by the Government because it was properly raised for the first time on Petition for Writ of Certiorari.

Finally, Appellate Counsel admits in her April 05, 2015, correspondence that Petitioner's case was pending prior to the Supreme Court's ruling on Alleyne; though she does not submit any valid reason why she failed to file a 28j / supplement or addendum to the Appeal prior to the Supreme Court's ruling in Alleyne, rather Counsel Harris argues against her client why the new Supreme Court ruling does not apply.

Counsel Harris cites to a Seventh Circuit case as well as a Sixth Circuit case in order to defeat Petitioner's....preserved claim....like the Government she offers no supporting authority in the "Tenth Circuit" that may dispose of the claim in aid of the Court. Definitively, Petitioner presents a colorable constitutional claim; Whether any Appellate review of sentences for "substantive reasonableness" will....necessarily result in a sentence scheme constitutionally - indistinguishable from the mandatory Guidelines struck down in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Had Appellate counsel researched the Tenth Circuits current case Law under United States v. Lake, I, and II, she could have argued that the Government conceded that "Alleyne" applied not just to findings that increase the statutory minimum

sentence, <u>but also to findings that increase a Defendant's advisory sentencing range</u>". The Law in this Circuit on the issue is unsettled. See <u>United States v. Cassius,</u> (2015 U.S. App. 10th Cir. LEXIS 1200).

## REQUEST FOR COA

Petitioner formally request this Honorable Court issue a Certificate of Appealability (COA) should the Court make an adverse ruling on the question of:

1. Whether Petition's <u>Alleyne</u> claim was proper for final disposition in "This Court" after being raised for the <u>first time</u> on Petition for Writ of Certiorari to the United States Supreme Court; and, because the case was not <u>yet final</u> whether the Supreme Court's holding in <u>Griffith v. Kentucky</u>, should apply because Petitioner's case was pending on Direct review when <u>Alleyne</u> was decided?

2. Whether <u>Alleyne</u> applies to preponderance findings that increase a Defendant's advisory guideline sentence over the top end of Petitioner's presumptive range that was struck - down in <u>United States v. Booker?</u>

## CONCLUSION

Petitioner Clark, for the reasons stated above, respectfully request this Honorable Court to vacate Clark's conviction and sentence so Clark can plea anew; grant Clark § 2255 relief; hold an Evidentiary Hearing on the issues presented herein, so that Clark may further prove his meritorious grounds for relief, resolve facts in dispute between the parties and expand an incomplete record; or issue a Certificate of Appealability on the grounds set forth in these pleadings.

Respectfully Submitted,

May 4, 2015

Executed On

James Anthony Clark, #27732-018

9.

CERTIFICATE OF SERVICE

I, James Anthony Clark, majority, CERTIFY, that a true and correct copy of the foregoing has been furnished, via United States Postal Service, this __4__ day of __May__ 2015, to:

Clerk of U.S. District Court
For The District of Kansas
Kansas City Division
500 State Street
Kansas City, Kansas
66101

AND

U.S. Attorney's Office
500 State Street
Suite 360
Kansas City, Kansas
66101

Title 28 U.S.C.
Section 1746

Respectfully Submitted,

James Anthony Clark
#27732-018
FCC-COLEMAN-MEDIUM
POB 1032
COLEMAN, FLORIDA
33521-1032

10.

( ATTACHMENT <u>A</u> )

# LAW OFFICE OF ELIZABETH L. HARRIS, LLC

April 5, 2015

James Clark
Reg. No. 27732-018
FCI Coleman
PO Box 1032
Coleman, FL 33521

Dear Jamie:

A few days ago, I received your letter dated March 17. I'm not sure I understand where you are in the process or why you would need an affidavit from me at this point. As I understand it, if you file a § 2255 alleging ineffective assistance of appellate counsel (which I thought you had already done), the court will evaluate the petition and, if he or she thinks it's warranted, order an evidentiary hearing. At that time, you can call witnesses, including me, to testify about why certain decisions were made in your case.

In any case, there are two reasons I did not raise *Alleyne v. United States* on direct appeal. I could not have raised *Alleyne* in the court of appeals because the opinion was not issued until after your case was submitted to the Tenth Circuit. Your case was fully briefed, argued, and submitted to the court of appeals by early May 2013. *Alleyne* was decided on June 17, 2013.

As I recall, the first time *Alleyne* came up was during our discussion about a possible petition for certiorari review in the U.S. Supreme Court. I did not raise *Alleyne* at the cert petition stage because I did not believe that *Alleyne* applied to your case. *Alleyne* stands for the proposition that any fact that changes the prescribed range of penalties for an offense, by raising the statutory "floor" (mandatory minimum), is an element of the offense that must be submitted to the jury. It does not prohibit a judge from imposing a sentence somewhere within that statutory range based on judge-found facts.

In your case, a jury found that you had possessed with intent to distribute more than 50 grams of methamphetamine, which subjected you to a statutory penalty of 10 years (statutory mandatory minimum) to life (statutory maximum). That penalty range was not based on judicially-determined facts; it was based on the jury verdict. In deciding where within that statutory penalty range to sentence you, the judge found certain facts about the quantities of drugs attributable to you as a co-conspirator. One of the judge-found facts was that, as a co-conspirator, your agreement to distribute drugs for the conspiracy also encompassed the conspiracy's distribution of cocaine, even though the jury had acquitted you of distributing cocaine. On appeal, I argued that this finding, among others, was not supported by the evidence. But that was not an *Alleyne* error because none of the judge's findings were used to set the statutory penalty range.

1544 Race Street • Denver, CO 80206
(720) 583-6682
elh@eharrislaw.com

It sounds like your argument is that, after *Alleyne*, a judge can no longer use conduct of which a defendant was acquitted to determine a sentence within the statutory range. But if that were true, the *Alleyne* Court would surely have said that it was overruling *United States v. Watts*, 519 U.S. 148 (1997), and it did not. Instead, the court emphasized that judges can still find facts that will guide their discretion in imposing sentence within the statutory range. Since *Alleyne*, courts of appeals have upheld the continued use of judge-found facts to determine a sentence, as long as those facts don't affect the mandatory minimum or statutory maximum. *See, e.g., United States v. Gonzalez*, 765 F.3d 732 (7th Cir. 2014); *United States v. Roman-Oliver*, 564 Fed.Appx. 156 (6th Cir. 2014).

It also seems that, if your sentence was unlawful under *Alleyne*, the Supreme Court would have taken action on your *pro se* cert petition. After I declined to file a petition, I understand that you raised *Alleyne* in a *pro se* petition. But the Supreme Court apparently did not agree that *Alleyne* affected the validity of your sentence and so it denied cert review in December 2013.

The Court may eventually decide that acquitted conduct cannot be used for any purpose at sentencing. But, based on my review, it did not decide that in *Alleyne*. In your case, the acquitted conduct certainly affected your sentence but it did not alone result in an increase to your sentence of 10 years. The court sentenced you based on 455 pounds of marijuana and 6 pounds of methamphetamine, in addition to 14 kilograms of cocaine. As I recall, the methamphetamine was the biggest driver of your sentence.

I think your sentence was excessive and I hope you get some relief through your § 2255 petition. If you want to discuss these issues further, please feel free to write back to me.

Sincerely yours,

Elizabeth L. Harris

( ATTACHMENT <u>B</u> )