IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                                        **Case No. 09-20119-08-JWL**

**James Anthony Clark,**

       **Defendant.**

## MEMORANDUM & ORDER

In February 2011, a jury found defendant guilty of conspiracy to distribute and to possess with intent to distribute more than 50 grams of methamphetamine and marijuana. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(D), 846. Based on an offense level of 36 and a criminal-history category of V, his guidelines range was 292 to 365 months. The court sentenced him to 292 months imprisonment and later reduced his sentence to 235 months imprisonment under 18 U.S.C. § 3582(c)(2). He is presently incarcerated at Fort Worth FMC and his projected release date is September 15, 2027. This matter is before the court on defendant's motion for compassionate release (doc. 1201) and his motion to appoint counsel (doc. 1204) to assist him with his compassionate release motion. As will be explained, both motions are denied.[1]

---

[1] When defendant filed his motion for compassionate release, the court issued an order establishing deadlines for the government's response (January 19, 2021) and defendant's reply (February 2, 2021). The government filed a timely response. On February 1, 2021, defendant filed a motion requesting a 30-day extension of time to file his reply, which the court granted. That deadline has long passed and the court has not received anything further from defendant.

*Exhaustion*

18 U.S.C. 3582(c)(1)(A) allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id.* It is undisputed that defendant submitted a request for compassionate to release to the warden of his facility in November 2020. In that request, defendant sought release based on his high blood pressure, "other pre-existing conditions," and chronic shoulder pain. In his motion for compassionate release, defendant argues that extraordinary and compelling reasons for immediate release from prison exist because his medical conditions, including high blood pressure and "other pre-existing medical conditions like having a high body mass index and pre-diabetes" create an increased risk of serious harm or death from the ongoing coronavirus pandemic. The government asserts that defendant's motion must be dismissed for lack of jurisdiction to the extent defendant now relies on his body mass index and pre-diabetes because those conditions were not mentioned in his request to the warden. The court has previously rejected this argument and does so again here. *See United States v. Rucker*, 2020 WL 4365544, at *1 (D. Kan. July 30, 2020) (where the defendant had articulated certain medical conditions in his request, he could rely on additional medical conditions not specifically identified in his request to the warden). The court turns, then, to the merits of defendant's motion.

*Extraordinary and Compelling Reasons*

Section 3582(c)(1)(A) provides that a court, after considering the applicable § 3553(a) factors, may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons" warrant the reduction and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission, as authorized by 28 U.S.C. § 994(t), has recognized four categories of "extraordinary and compelling reasons." *See* U.S.S.G. § 1B1.13, comment n.1. These include the defendant's medical condition, age, family circumstances, and a catch-all, "other reasons." *See United States v. Gieswein*, 832 Fed. Appx. 576, 577 (10th Cir. Jan. 5, 2021).[2] The moving defendant bears the burden of establishing that "compassionate release" is warranted under § 3582(c)(1)(A), and a court exercises its discretion in ruling on such a motion. *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases).

The defendant argues that extraordinary and compelling reasons for immediate release from prison exist because his medical conditions (primarily high blood pressure, high body mass index, and prediabetes) and the conditions of his confinement create a significantly increased risk of serious harm or death from the ongoing coronavirus pandemic. He further asserts that he requires "immediate surgery" as a result of severe chronic pain stemming from a shoulder injury. The government concedes that the defendant's high blood pressure and body mass index constitute

---

[2] The court recognizes "that some courts have concluded that passage of the First Step Act has reduced—or even eliminated—the relevance of the Sentencing Commission's policy statement." *See United States v. Pinson*, 2020 WL 7053771, at *3 n.5 (10th Cir. Dec. 2, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *2–3 (D. Me. July 11, 2019) (collecting cases)). The Tenth Circuit has not addressed the issue but "has continued to refer to it in deciding challenges related to § 3582(c)(1)." *See id*. For purposes of defendant's motion, the court assumes without deciding that it may consider each of defendant's arguments for compassionate release and not just those reasons outlined in the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13.

3

extraordinary and compelling reasons sufficient for this court to consider early release under the statute. Nonetheless, the government opposes the motion on the grounds that the § 3553(a) factors weigh against early release in light of the nature and seriousness of the defendant's offenses and to provide just punishment for those offenses.  On this point, the court agrees with the government and, for the reasons set forth below, concludes that the risk to defendant's health if he remains in custody (even considering the additional conditions that the government has not conceded as extraordinary and compelling) is outweighed by the need for continued incarceration under the specific circumstances presented here.  In other words, the court finds that compassionate release would materially depart from an appropriate § 3553(a) sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring the consideration of applicable § 3553(a) factors if court finds that extraordinary and compelling reasons warrant reduction).[3]

*Section 3553(a) Factors*

The § 3553(a) factors include (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline

---

[3] Defendant also suggests that compassionate release is warranted because he has been placed in the facility's SHU rather than the general population which, in turn, is having a negative psychological impact on him.  To the extent defendant challenges his placement in the SHU separate and apart from his concerns about COVID-19, a motion for compassionate release is not the appropriate vehicle to lodge that complaint.  To the extent he mentions the SHU in connection with his concerns about contracting COVID-19, the court has considered this factor but nonetheless concludes that the risk to defendant's health is outweighed by the need for continued incarceration.

sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a)(1)–(6). Applying those factors here, the court declines to reduce defendant's sentence.

As the court emphasized at defendant's sentencing hearing, defendant was heavily involved as an integral player in a major drug conspiracy and possessed a firearm in connection with the offense. Based on the seriousness of defendant's crimes, the quantity of drugs involved in the conspiracy, and defendant's lengthy criminal history, the low end of the Guidelines range at the time was 292 months. That sentence was later reduced to 235 months and defendant has more than 6 years remaining on the sentence. In other words, defendant has served roughly two-thirds of his modified sentence. That is not enough to comply with § 3553(a) and reducing defendant's sentence to time served would constitute a significant and unjustified windfall.

As the court explained at sentencing, the court sentenced defendant to the low end of the range because it was sufficient but not more than necessary to satisfy the sentencing factors. But the court also denied defendant's request for a downward variance. In doing so, the court explained that defendant passed up numerous opportunities to lead a life that was free from crime, never sought help for his addiction, and did not accept any responsibility or show any remorse for his criminal conduct until his sentencing. Because of defendant's refusal to acknowledge his culpability, the court expressed concern that defendant's conduct "was a very bad predictor for what Mr. Clark will do when he is released someday." The court continued:

> I think his criminal history and lack of remorse in the case are terrible predictors in terms of the likelihood of Mr. Clark to reoffend if he goes out into society after any period other than one sufficiently long to cause him to change his ways.

5

In other words, at the time of defendant's sentencing, the court was convinced that the full length of defendant's sentence was necessary to comply with the § 3553(a) sentencing factors. That sentence was then reduced to 235 months. The court remains convinced that defendant must serve the length of that sentence despite the potential risk to defendant's health in light of COVID-19. *United States v. Wilson*, 2020 WL 4901714, at *6 (W.D. Wash. Aug. 20, 2020) (even if defendant had established extraordinary and compelling reasons to render him eligible for a reduction, court would deny the motion based on § 3553(a) factors—defendant was involved in large drug conspiracy and was personally involved in the distribution of kilogram quantities of cocaine); *United States v. Thomas*, 2020 WL 5640745, *4 (N.D. Ind. Sept. 22, 2020) (regardless of "extraordinary and compelling" analysis, court found that § 3553(a) factors "overwhelmingly" supported continued incarceration where defendant devoted adult life to "flooding the streets with cocaine"); *United States v. Kolodesh*, 2020 WL 5292145, at *3 (E.D. Pa. Sept. 4, 2020) (compassionate release not warranted where defendant was not remorseful for criminal acts and consistently blamed others for his conduct).

The court is also convinced that continued incarceration is necessary in light of defendant's criminal history. That history is extensive and replete with probation violations and revocations. The court, then, cannot conclude that defendant is a proper candidate for compassionate release. *United States v. Davila*, 2020 WL 6499562, at *3 (D. Conn. Nov. 5, 2020) (denying motion for compassionate release despite increased vulnerability to COVID-19 where defendant had substantial criminal history, demonstrated recidivism and committed offenses while on probation); *United States v. McCoy*, 2020 WL 6118825, at *3 (E.D. Cal. Oct. 16, 2020) (denying motion for compassionate release where defendant's criminal history was "replete with

6

revocations of parole and violations of her probation" demonstrating a "utter" disregard of court orders and a lack of respect for the rule of law).

For these reasons, defendant's release from custody would be inconsistent with public safety, the need to provide just punishment; and the need to promote respect for the law and would fail to reflect the seriousness of his offenses.  In short, continued incarceration is appropriate as defendant's sentence remains sufficient but not greater than necessary to serve the purposes of sentencing. The motion is denied.

*Appointment of Counsel*

Lastly, the court denies defendant's motion to appoint counsel. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Moreover, defendant's pro se motion for compassionate relief reflects that he is able to articulate his arguments clearly and coherently. Thus, the appointment of counsel at this point is unnecessary. Nonetheless, if defendant files a motion for relief with respect to his conviction or sentence in the future and that motion reflects that he may be entitled to relief, the court will consider a request for the appointment of counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release (doc. 1201) is **denied** and his motion to appoint counsel (doc. 1204) is **denied.**

**IT IS SO ORDERED.**

Dated this 25th day of March, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge